# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. _____

**Douglas Bauer**,
as father and next friend of E.B., a minor child,

**Haleigh Bauer**,
an individual,

      Plaintiffs,

vs.

**Chad Chronister**,
in his official capacity as Sheriff of Hillsborough County, Florida.

      Defendant.

_____/

## COMPLAINT FOR MONEY DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiffs, Douglas Bauer, as Father and Next Friend of E.B., his minor child, and Haleigh Bauer, individually, bring this lawsuit against Defendant, Chad Chronister, in his official capacity as Sheriff of Hillsborough County, Florida, and allege as follows:

## JURISDICTION

1. This is a civil action seeking damages more than $100,000.00 USD, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff has complied with all conditions precedent, including those enumerated in Section 768.28, Florida Statutes.

1

3. Venue is proper because the predominant events giving rise to this case occurred in Hillsborough County, Florida, and the Defendant is a resident and constitutional officer of Hillsborough County, Florida.

4. This lawsuit contains claims arising under the United States Constitution for which this Court has original jurisdiction, 28 U.S.C. § 1331, and is between citizens of different states—Plaintiffs being citizens of the State of Georgia; the Defendant of Florida—sufficient to invoke this Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

5. This Court has supplemental jurisdiction over those claims arising under the laws of the State of Florida that are so related to the claims for which this Court has original jurisdiction. 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff, Douglas Bauer, is a resident of Cherokee County, Georgia, is otherwise *sui juris*, and is the Father and Next Friend of E.B., who, at all times material, has been his minor daughter.

7. Plaintiff, Haleigh Bauer, the sister of E.B. and daughter of Douglas Bauer, is a resident of Cherokee County, Georgia, and is otherwise *sui juris*.

8. Defendant, Chad Chronister, ("The Sheriff"), is a constitutional officer and the Sheriff of the Hillsborough County, Florida Sheriff's Office ("HCSO"). This suit is being brought against him in his official capacity as Sheriff.

## FACTS

9. Kelly Garrison (now deceased) was the mother of E.B. and Haleigh Bauer and an elementary school teacher by profession.

10. Douglas Bauer is the father of E.B. and Haleigh Bauer, and Kelly Garrison's ex-husband.

11. Kelly Garrison married Kelly McDonald, Jr. around 2011.

12. McDonald had a criminal history that included one prior arrest in Florida, and one subsequent arrest in Hillsborough County.

13. McDonald's behavior during the marriage was alarming, harassing, possessive, intrusive, and threatening towards Garrison. For example, McDonald hacked Garrison's email account, threatened to "take care" of her male acquaintances, refused to permit her to socialize for fear that other men would hit on her, and even hid an audio recording device in her purse.

14. After seeking counseling, Garrison was urged to file for divorce due to McDonald's serious psychiatric problems, which strongly suggested that he was a violent person who could lose control at any time.

15. Garrison divorced McDonald.

16. During and after that divorce, McDonald's alarming and threatening behavior persisted. For example, he threatened Garrison by saying that their daughter "won't have any parents" and that he would "get [her] back for this when [she] least expected it."

17. On or about December 30, 2017, McDonald attacked and tried-to-kill Garrison in her apartment. Thankfully a neighbor heard the attack, intervened, and, in the ensuing struggle, McDonald fled.

18. After that incident Garrison filed a petition for a protective order or other similar injunctive relief to ensure her safety and distance from McDonald. That petition was filed in Hillsborough County, Florida.

19. A circuit court in Hillsborough County, Florida granted that petition and ordered McDonald to stay at least 300 feet away from Garrison and to surrender any firearms to the Hillsborough County Sheriff's Office ("HCSO").

20. HCSO knew of McDonald's December 2017 attack on Garrison, and the subsequently entered injunction, and secured an arrest warrant for McDonald. However, HCSO deliberately, purposely, and/or unreasonably did not undertake reasonable efforts to locate and arrest McDonald because it was an official custom and/or policy of HCSO—albeit unwritten—to not treat cases of domestic violence as high priorities or as seriously as they should be.

21. At all times material, it was HCSO's official custom and/or policy to subordinate—if not outright ignore—the need to protect victims of domestic violence such as Garrison from offenders at large like McDonald; a policy and/or custom that had been in effect for years before the December 2017 attack.

22. In April 2018, McDonald, who had yet to be arrested, tracked Garrison to her sister's home Dahlonega, Georgia.

23. Garrison had fled there with her then (both minor) daughters, E.B. and Haleigh Bauer, hoping to evade McDonald and ensure her and her kids' safety since HSCO had been ineffective in arresting McDonald.

24. Tragically, McDonald found them at that home in Georgia where he then shot and killed Garrison in the garage in front of her daughters.

25. During that same episode McDonald shot Haleigh Bauer in the face and shot-at-but-missed E.B. before he entered the home and killed Garrison's sister before taking his own life.

26. E.B. escaped the home with her surviving infant cousin and called for help from a neighbor's house.

27. Haleigh Bauer survived the shooting but with serious injuries.

### Count I – 42 U.S.C. § 1983

28. Plaintiff re-states averments 1 – 27 as if stated herein.

29. Chad Chronister was appointed Sheriff of Hillsborough County, Florida, on September 30, 2017, and thereafter was a final policymaker for the HCSO and a constitutional officer under 42 U.S.C. § 1983.

30. Before Chad Chronister's appointment, David Gee was the Sheriff of Hillsborough County, Florida, and during that tenure a final policymaker for the HCSO and a constitutional officer under 42 U.S.C. § 1983.

31. At all times material, Chad Chronister (and his predecessor) was acting within the course and scope of his employment a constitutional officer, Sheriff of the HCSO, under the color of law, and in furtherance of his official duties.

32. For a period of years before McDonald's December 2017 attack and attempted murder of Garrison, HCSO had an official policy and/or custom to not take crimes involving domestic violence seriously.

33. This official policy and/or custom was put in place and/or maintained by Sheriff Chronister and his predecessor as final policymakers for HCSO.

34. As part of that official policy and/or custom, HCSO purposely and repeatedly failed to create and maintain proper records regarding wanted subjects involving domestic violence, which allowed many dangerous individuals to evade detection and capture over the years, including, but not limited to, Garrison. This had the purpose of frustrating the apprehension of those dangerous suspects

35. Rather than correcting the record keeping problem, HCSO went further and at times admonished and/or threatened employees who expressed their concerns.

36. Beyond record keeping, it was also part of that official policy and/or custom to not act reasonably when responding to active domestic violence related calls. For example, in the December 2017 attack on Garrison, HCSO failed to establish up a reasonable perimeter and/or utilize K-9 and/or helicopter support to search for and apprehend McDonald before he was able to get away.

37. Similarly, HCSO failed to activate the Crime Scene Unit and/or notify any Detective from District #3 and/or the Violent Crimes Section.

38. And HCSO's indifference to domestic violence victims and their cases was also evidenced by their official policy and/or custom to delay obtaining arrest

warrants for known subjects. For example, McDonald's arrest warrant from his December 2017 attack was not obtained until five days post-attack despite the fact that primary underlying charge was punishable by life imprisonment and, were it not for being domestic violence related, would (and still should) have resulted in an all-hands manhunt by HCSO promptly, which never occurred.

39. And as further part of that official policy and/or custom HCSO did not allocate proper resources – both financially and in terms of human capital – to locate McDonald in a timely manner.

40. HCSO also knowingly failed to adequately train, staff, and supervise sufficient numbers of officers to ensure that domestic violence threats and crimes were reasonably investigated and responded to, which would protect victims of domestic violence.

41. As a direct and foreseeable result of HCSO's official policy and/or custom, which is the moving force behind E.B. and Haleigh Bauer's constitutional rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution, McDonald evaded detection and arrest for many months, which allowed him to hunt down Garrison, her daughters, and their family to Georgia where the fateful shooting episode occurred in April 2018.

42. But for HCSO's official policy and/or custom as outline above, McDonald would have been captured and the fateful shooting episode never occur. For example, on or about February 16, 2018, McDonald was seen outside the

school where Garrison worked and her daughter was in daycare. HCSO was notified but took no additional reasonable and timely steps to find McDonald.

43. As a direct and foreseeable result of HCSO's official policy and/or custom, E.B. and Haleigh suffered economic and noneconomic damages including, but not limited to, pain, suffering, shock, fear, inconvenience, loss of the ability to enjoy life, physical injury, impairment, disfigurement, and mental anguish, in the past. Those damages are reasonably expected to continue into the future.

WHEREFORE the Plaintiffs respectfully request a judgment against Defendant, Chad Chronister, in his official capacity, for compensatory and punitive damages in excess of $100,000.00, plus attorneys' fees and costs. 42 U.S.C. § 1988.

## Count II – Negligence

44. Plaintiff re-states averments 1 – 42 as if stated herein.

45. At all times material, the Defendant owed the Plaintiffs in interest (to wit: E.B. and Haleigh Bauer) a duty to act reasonably and prudent with respect to policing efforts, including, but not limited to, protecting them and their mother, who was their guardian, from harm and violence by McDonald, and/or apprehending McDonald before he could effectuate such harm and violence.

46. At all times material, the Defendant breached those duties in the manner described in paragraphs 31-41.

47. Additionally, the Defendant's actions and omissions created a foreseeable zone of risk for E.B. and Haleigh Bauer within which was extreme danger by McDonald.

48. As a direct and foreseeable cause of the Defendant's negligence, E.B. and Haleigh suffered economic and noneconomic damages including, but not limited to, pain, suffering, shock, fear, inconvenience, loss of the ability to enjoy life, physical injury, impairment, disfigurement, and mental anguish, in the past. Those damages are reasonably expected to continue into the future.

WHEREFORE the Plaintiffs respectfully request a judgment against Defendant, Chad Chronister, in his official capacity, for compensatory and punitive damages in excess of $100,000.00, plus and costs.

Dated this 17th day of November, 2021.

/s/ Jordan Redavid, Esq.
**JORDAN REDAVID, ESQ.**
Florida Bar No. 109227
*Lead Counsel for Plaintiff*

Fischer Redavid PLLC
4601 Sheridan Street
Suite 320
Hollywood, FL 33021
Phone: (954) 860-8434
Fax:    (954) 860-8584
Service@FRTrialLawyers.com